## MINNIE LEE v. A. W. WILSON.[1]

May 7, 1926.

No. 25,235.

**Party bound by charge to jury framed as requested by him.**

1. Where a cause is submitted to the jury under a charge framed as requested by plaintiff, the charge, whether right or wrong, is the law of the case so far as plaintiff is concerned.

**Verdict sustained.**

2. The verdict which found that defendant had not driven his car with a reckless disregard of plaintiff's safety and in such a manner as to injure her is sustained by the evidence.

Appeal and Error, 3 C. J. p. 886 n. 93; 4 C. J. p. 493 n. 71; p. 707 n. 11; p. 1068 n. 22; p. 1069 n. 23.
Highways, 29 C. J. p. 392 n. 57; p. 393 n. 65.
Motor Vehicles, 28 Cyc. p. 47 n. 20.

Action in the district court for Dakota county. The case was tried before Schultz, J., and a jury which returned a verdict in favor of defendant. Plaintiff appealed from an order denying her motion for a new trial. Affirmed.

*James A. Martin* and *George Cahill,* for appellant.
*Converse & Converse,* for respondent.

TAYLOR, C.

Spring Lake is located in the low land between the bluffs and the Mississippi river about five miles above the city of Hastings in Dakota county. Its outlet is a creek running into the river. A dam was constructed across this creek and a mill was erected in territorial days. A bridge was also constructed across the creek at the mill. The dam, mill and bridge are still maintained. A road extending over the bridge has been traveled from territorial days. Plaintiff is the owner of the mill property and of a considerable

[1]Reported in 208 N. W. 803.

tract of land adjoining it, and her house and farm buildings are adjacent to the mill. She posted a sign at the bridge. "Automobiles keep off—private property." Defendant's son drove along the road to the bridge, but plaintiff refused to let him cross and he turned back. The next day, January 9, 1925, defendant drove out from Hastings to deliver a radio outfit to a family that lived beyond the bridge. He stopped and went to the barn where plaintiff was at work and asked why she had stopped his son from crossing the bridge. She replied:

"That never was no road and we don't allow anybody to cross the bridge."

He said it was a public highway, that he had traveled it for 30 years, and that he was going to cross. She responded that if he did he would have to run over her. He got into his automobile, and she walked onto the bridge and stood near its center. The bridge is narrow and about 16 feet long. Defendant moved slowly forward, tooting his horn. Plaintiff remained in her position until the automobile came up to her. She claims that the radiator struck her knee and that she took hold of the radiator cap leaning over the radiator and was pushed across the bridge. Defendant and four witnesses state that, when the automobile, which was barely moving, reached her, she placed her hand or arm on the radiator cap and walked sideways to the end of the bridge and then stepped aside while the automobile passed. She brought this action for damages. The jury returned a verdict for defendant, and she appealed from an order denying a new trial.

Plaintiff contends that this case is governed by Souther v. N. W. Tel. Exch. Co. 118 Minn. 102, 136 N. W. 571, 45 L. R. A. (N. S.) 601, Ann. Cas. 1913E, 472, and that she conclusively established a cause of action under the rule announced in that case.

We think the record does not bring this case within the doctrine of that case. The court charged the jury:

"Now, if you find by a fair preponderance of the evidence that the defendant knew plaintiff's position to be one of peril on the

road or bridge in front of him, as he was operating his car, and that defendant did wilfully, with a reckless disregard of the safety of the plaintiff, fail to exercise ordinary care and drove his car in such a manner as to injure her, you will find the defendant liable.

"If you do not find by a fair preponderance of the evidence that defendant knew plaintiff's position to be one of peril on the road or bridge in front of him as he was operating his car, and you do not find that the defendant did wilfully, with a reckless disregard of the safety of plaintiff, fail to exercise ordinary care, and you do not find that he drove his car in such a manner as to injure her, you will find in favor of the defendant."

These were the only questions submitted to the jury except the amount to be awarded as damages in case they found for plaintiff. Plaintiff does not question the charge either by exception or assignment of error. On the contrary it appears affirmatively that the cause was submitted in this manner and under this rule at plaintiff's instance. Consequently the charge, whether right or wrong, is the law of the case so far as plaintiff is concerned. Dun. Dig. and Supps. §§ 9792 and 9793, and cases there cited. The question presented is whether the evidence conclusively established liability under the rule stated. We think it did not. We think the jury could legitimately refuse to find "that defendant did wilfully, with a reckless disregard of the safety of the plaintiff, fail to exercise ordinary care and * * * drove his car in such a manner as to injure her."

We find no sufficient reason for disturbing the verdict.

Plaintiff's land beyond the bridge was used as a pasture to which the bridge was the entrance and a gate was maintained at the end of the bridge. Although this gate had existed for many years, there was ample evidence from which the jury could have found that the road was a public highway. It has been traveled from territorial days. The bridge has been replanked by the town a time or two and the approaches to it have been improved and repaired by the road overseers. But this question was not submitted to the jury and is not involved on this appeal.

The other assignments of error were not argued at the hearing nor in the brief and therefore have been waived. We have examined them however and find that the rulings challenged were correct. The testimony of a former supervisor of the town that the bridge had been replanked by the town board of which he was a member was competent to prove that fact. The court amended the record to show that the charge given was framed as requested by plaintiff. That the court had power to do so cannot be questioned. That the amendment correctly states the facts is conceded. While the motion for a new trial was pending, defendant put a statement of the facts in the form of an affidavit and sent it to the court with a request that it be made a part of the record. At the same time, he sent a copy of the affidavit and of the request to the plaintiff. The court incorporated the statement into the record. The procedure was informal, but plaintiff made no objection at any time in the court below. If she wished to take advantage of the irregularity, she should have raised the question in that court either by objecting to the amendment or by a motion to strike. Having failed to do so it was waived.

We find nothing which would justify a reversal and the order is affirmed.